IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-727-FL

| | | |
|---|---|---|
| MARCIA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE METHODIST UNIVERSITY, INC.,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 9). Plaintiff filed no response. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, filed this action in Superior Court of Cumberland County, North Carolina, on June 29, 2016. Case No. 16-CVS-4840. Plaintiff's complaint alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b); and North Carolina common law of wrongful discharge. Plaintiff seeks monetary relief for compensatory damages and emotional distress in the amount of $1,849,680.00, excluding interest.

---

[1] Defendant notes that its proper name is "The Methodist University, Inc." (DE 1). The court has constructively amended the caption of this order to so reflect. See United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947). The clerk is directed to change the case caption on the docket to reflect the parties as set forth above.

Defendant timely removed this case to this court on August 5, 2016, pursuant to 28 U.S.C. § 1441. (DE 1). Shortly after removal, defendant filed the instant motion to dismiss. (DE 9). Defendant argues that plaintiff's claims should be dismissed on the following bases: for failing to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6); for being frivolous, pursuant to 28 U.S.C. § 1915(e)(2); and for failing to provide a short and plain statement of facts sufficient to provide defendant with fair notice, pursuant to Rule 8. Plaintiff filed no response.

**STATEMENT OF FACTS**

Plaintiff's complaint, consisting of six paragraphs, proceeds as follows. First, "plaintiff [seeks] . . . to redress the deprivation of rights secured to the Plaintiff." (Compl., DE 1-1 ¶ 1). Next, plaintiff alleges that she suffered "compensatory and emotional distress damages." (Id. ¶ 2). Invoking supplemental jurisdiction, plaintiff posits that her "state law claim[ ] for wrongful discharge . . . is based upon the same operative facts as the [federal] discrimination claims." (Id. ¶¶ 3–4). Lastly, plaintiff notes that she has exhausted all of her administrative remedies, where, "[p]rior to filing this civil action, Plaintiff asserted a Charge of Discrimination . . . with Equal Employment Opportunity Commission. . . . The EEOC issued Plaintiff a Notice of Right to Sue on March 31, 2016." (Id. ¶¶ 5–6).

**DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Courts must liberally construe pro se complaints, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 105 (1976)). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). "The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs. of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

B. Analysis

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "A plaintiff often must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405

(4th Cir. 2001). Here, plaintiff's bare allegations that defendant deprived her of certain rights with respect to her employment are insufficient to provide defendant with notice of any violations it is alleged to have committed. See id. Instead, plaintiff's allegations represent "bare assertions devoid of further factual enhancement." See Nemet Chevrolet, Ltd., 591 F.3d at 255. Accordingly, plaintiff's allegations fail to provide defendant with sufficient notice and facts as required by Rule 8. See Fed. R. Civ. P. 8(a).

In addition, even where plaintiff's allegations are liberally construed, the complaint fails to allege any facts regarding defendant's conduct that might state a cognizable claim for deprivation of plaintiff's rights under the ADA, the ADEA, or North Carolina common law of wrongful discharge. See Johnson, 867 F. Supp. 2d at 776. Where plaintiff merely cites the legal bases for her claims, with no accompanying facts, she does not state any claim to relief that is plausible on its face, and therefore her complaint must be dismissed pursuant to Rule 12(b)(6). See Iqbal, 556 U.S. at 677; Twombly, 550 U.S. at 570.

Frivolity provides another basis for dismissal. See 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous complaint is one which "lacks an arguable basis . . . in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and courts may "dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992). Here, where plaintiff alleges no facts beyond her assertion that defendant violated certain rights, her claims are frivolous. See Neitzke, 490 U.S. at 325.

In sum, plaintiff's complaint fails to state facts sufficient to provide defendant with notice under Rule 8, and fails to state a claim for relief under the statutes and common law upon which she

4

relies. See Iqbal, 556 U.S. at 677; Twombly, 550 U.S. at 570. Therefore, defendant's motion to dismiss pursuant to Rule 12(b)(6) must be granted.

## CONCLUSION

Based upon the foregoing, defendant's motion (DE 9) is GRANTED, and plaintiff's action is DISMISSED without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge